UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

HERSHEL MORGAN,            )
    Plaintiff,             )
                           )
    v.                     ) Case No. 1:25-cv-1219-SEM-DJQ
                           )
LATOYA HUGHES, et al.,     )
    Defendants.            )

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Hershel Morgan has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. For the following reasons, the Court finds that Plaintiff may proceed on an Eighth Amendment failure to protect claim against Defendants Nurse, Wurster, Doolin, and Boguszewski. Plaintiff fails to state a claim against Defendant Hughes.

### I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate at Pontiac Correctional Center ("Pontiac").

Plaintiff's suit names as Defendants Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Warden Mindi Nurse, Dr. Samantha Wurster, Lieutenant Doolin, and Correctional Officer Boguszewski.

Plaintiff alleges he was housed in the East Cell House and assigned "single cell only" status based on his mental health issues. In May 2023, Plaintiff learned he would be

placed with a cellmate because the IDOC and Defendant Director Hughes planned to close the East Cell House.

Plaintiff alleges Defendant Warden Nurse was aware of his mental health issues, past altercations with cellmates, and "single cell only" status due to face-to-face discussions with Defendant Nurse at his cell front.

Plaintiff alleges Defendants Nurse and Dr. Wurster altered his mental healthcare treatment, paperwork, and assignment status to have Plaintiff double celled, despite knowing Plaintiff's safety was at risk.

On June 1, 2023, Plaintiff submitted an emergency grievance notifying Defendants Hughes and Nurse he had "single cell only" status, feared for his safety, and would immediately "fight for his life" if he was placed with a cellmate. (Doc. 1 at 7). Plaintiff alleges Defendants Hughes and Nurse ignored the risk to his safety.

On June 3, 2023, Plaintiff was moved to the South Cell House. Plaintiff alleges prison staff from the East Cell House notified Defendant Lieutenant Doolin that Plaintiff feared for his safety and should not be double celled in the South Cell

House. Defendant Doolin attempted to assign Plaintiff to a single cell, but when Plaintiff notified Defendant Doolin he had a low gallery permit for medical issues, Defendant Doolin allegedly became angry and assigned Plaintiff to a double cell.

Plaintiff alleges he told Defendant Correctional Officer Boguszewski he feared for his safety and intended to fight his new cellmate. Nevertheless, Defendant Boguszewski allegedly locked Plaintiff in a cell with his new cellmate and instigated a fight on June 3, 2023. Defendant Boguszewski allegedly brought the cellmate to the cell and warned the cellmate Plaintiff was going to swing at him. The cellmate crouched in a fighting stance, confirmed he was ready to fight, and motioned for Defendant Boguszewski to open the cell door. When Defendant opened the cell door, Plaintiff and his cellmate "immediately collided in physical combat." *Id.* at 13. Plaintiff alleges he suffered serious physical and psychological injuries.

### III. Analysis

Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S 825, 837 (1994).

The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citations omitted). Generalized, vague, or stale concerns about one's safety typically will not suffice. *Id.* at 480-81.

Based on the Court's review, the facts alleged in the Complaint are sufficient to state an Eighth Amendment failure

to protect claim against Defendants Warden Nurse, Dr. Wurster, Lieutenant Doolin, and Correctional Officer Boguszewski. Plaintiff asserts Defendant Nurse was aware of the threat to Plaintiff's safety through face-to-face discussions at his cell front. Plaintiff also alleges he filed an emergency grievance to notify Defendant Nurse of the threat he faced. Plaintiff alleges Defendants Nurse and Dr. Wurster altered his mental healthcare records and assignment status to have Plaintiff double celled, despite knowing Plaintiff's safety was at risk. Plaintiff alleges Defendants Boguszewski and Doolin assigned him to a double cell in the South Cell House, despite knowing the risk Plaintiff faced. Defendant Boguszewski was present when Plaintiff and his cellmate fought on June 3, 2023.

Plaintiff's allegations are insufficient to state a claim against Defendant Director Hughes. Plaintiff alleges Defendant Hughes closed the East Cell House at Pontiac, causing him to be double celled in the South Cell House. Plaintiff alleges he submitted an emergency grievance notifying Defendant Hughes he had "single cell only" status and feared for his

safety if he was double celled. Section 1983 does not allow actions against individuals based on their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Simply receiving correspondence from a prisoner does not make a prison official liable for the alleged constitutional violation. *Norington v. Daniels*, No. 11- 282, 2011 WL 5101943, at *3 (N.D. Ind. Oct. 25, 2011); *see also Diaz v. McBride*, No. 93-176, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (plaintiff cannot establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances). Defendant Hughes is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment failure to protect claim against Defendants Mindi Nurse, Samantha Wurster, Doolin, and Boguszewski. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to dismiss Defendant Latoya Hughes as a Defendant in this matter.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The

**Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to an Answer is necessary or will be considered.**

6) **This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

7) **If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) **Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.**

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED October 7, 2025.

s/ *Sue E. Myerscough*

---

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE