UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HERSHEL MORGAN,         ) | |
|    Plaintiff,         ) | |
|             ) | |
| v.         ) | No. 1:25-cv-1219-SEM-DJQ |
|             ) | |
| MINDI NURSE, et al.,         ) | |
|    Defendants.         ) | |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 34) filed by Plaintiff *pro se* Hershel Morgan. For the following reasons, the Motion is granted. Plaintiff may proceed on an Eighth Amendment failure to protect claim against Defendants Mindi Nurse, Dr. Samantha Wurster, Ian Doolin, and Anthony Boguszewski and an Eighth Amendment deliberate indifference claim against Defendants Nurse and Dr. Wurster.

### I. Background

On October 7, 2025, the Court entered a Merit Review Order (Doc. 12) allowing Plaintiff to proceed on an Eighth

Page **1** of **10**

Amendment failure to protect claim against Defendants Nurse, Wurster, Doolin, and Boguszewski.

Defendant Wurster answered Plaintiff's Complaint on December 2, 2025. (Doc. 30). Defendants Nurse and Doolin filed their answer on December 8, 2025. (Doc. 32). Defendant Boguszewski filed an answer on December 23, 2025. (Doc. 36).

On December 15, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint. (Doc. 34). Defendants' response was due on December 29, 2025, but no response was filed.

## II. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### III. Facts Alleged

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 34) is granted pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The Amended Complaint is now the operative pleading in this case and replaces the initial Complaint (Doc. 1) in its entirety.

At all times relevant to his Amended Complaint, Plaintiff was an inmate at Pontiac Correctional Center.

Plaintiff's Amended Complaint names as Defendants Warden Mindi Nurse, clinical psychologist Dr. Samantha Wurster, Lieutenant Ian Doolin, and Correctional Officer Anthony Boguszewski.

Plaintiff alleges he was housed in the East Cell House and assigned "single cell only status" based on his mental health issues. (Doc. 34-1 at p. 7). Plaintiff alleges Defendant Warden Nurse initiated the closing of the East Cell House in early 2023, which resulted in Plaintiff losing his single cell

status and being double celled. Plaintiff alleges Defendant Nurse was aware of his serious mental health issues, past altercations with cellmates, and single cell status due to face-to-face discussions with Defendant Nurse at his cell front. Plaintiff also alleges Defendant Nurse knew having a cellmate exacerbated Plaintiff's serious mental health issues and caused him to engage in frequent self-harm.

Plaintiff alleges Defendants Nurse and Dr. Wurster altered his mental healthcare treatment and changed his single cell status to a double cell assignment, despite knowing about Plaintiff's serious mental health issues and that his safety was at risk if he was double celled. In early May 2023, Plaintiff alleges multiple security staff raised concerns about Plaintiff's double cell assignment, initially believing it was a mistake. However, Defendant Dr. Wurster continued to sign off on recommending that Plaintiff be double celled.

On June 1, 2023, Plaintiff submitted an emergency grievance notifying Defendant Nurse he had single cell only status, feared for his safety, and would immediately "fight for his life if pitted against another prisoner in physical combat."

*Id.* at p. 7. Plaintiff alleges Defendant Nurse ignored the risk to his safety because on June 3, 2023, Plaintiff was double celled, "pitted against another prisoner in physical combat," and severely injured *Id.* at p. 8.

Plaintiff alleges prison staff from the East Cell House notified Defendant Lieutenant Doolin that Plaintiff feared for his safety and should not be double celled in the South Cell House. Defendant Doolin attempted to assign Plaintiff to a single cell, but when Plaintiff notified Defendant Doolin he had a low gallery permit for medical issues, Defendant Doolin allegedly became angry and assigned Plaintiff to a cell with an inmate who was "particularly aggressive." *Id.* at p. 10. Plaintiff alleges Defendant Doolin knew Plaintiff and his new cellmate would likely engage in physical combat.

Plaintiff alleges he told Defendant Correctional Officer Boguszewski that he feared for his safety and intended to fight his new cellmate. Nevertheless, Defendant Boguszewski allegedly locked Plaintiff in a cell with his new cellmate and instigated a fight on June 3, 2023. Defendant Boguszewski allegedly brought the cellmate to the cell and warned the

cellmate Plaintiff was going to swing at him. The cellmate crouched in a fighting stance, confirmed he was ready to fight, and motioned for Defendant Boguszewski to open the cell door. When Defendant Boguszewski opened the cell door, Plaintiff and his cellmate "immediately collided in physical combat." *Id.* at p. 11.

Plaintiff alleges he suffered serious physical and psychological injuries. Specifically, Plaintiff's "left under-eye was split wide open to the bone." *Id.* Plaintiff alleges he lost depth perception and experiences "bulb-like flashes" in his left eye. *Id.* Plaintiff also sustained "multiple painful bruises and lumps to his head, face, and body for more than two weeks" after the fight. *Id.*

### IV. Analysis

Based on the Court's review, the facts alleged in the Amended Complaint are sufficient to state an Eighth Amendment failure to protect claim against Defendants Nurse, Dr. Wurster, Doolin, and Boguszewski. Prison officials violate the Eighth Amendment when they act with deliberate indifference to "an excessive risk to inmate health or safety."

*Farmer v. Brennan,* 511 U.S 825, 837 (1994). The risk of harm to which the prisoner was subjected must be objectively serious. *Sinn v. Lemmon,* 911 F.3d 412, 419 (7th Cir. 2018). "[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer,* 511 U.S. at 843. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Gevas v. McLaughlin,* 798 F.3d 475, 480 (7th Cir. 2015) (citations omitted). Generalized, vague, or stale concerns about one's safety typically will not suffice. *Id.* at 480-81.

Plaintiff has adequately alleged Defendants Nurse, Dr. Wurster, Doolin, and Boguszewski were aware that Plaintiff

faced a substantial risk of serious harm by being double celled due to his serious mental health issues and history of engaging in physical altercations with cellmates. Despite this knowledge, Defendants Nurse and Dr. Wurster allegedly discontinued Plaintiff's single cell only status; Defendants Doolin and Boguszewski placed Plaintiff with a cellmate; and Defendant Boguszewski allegedly instigated a fight between Plaintiff and his new cellmate.

In addition, the Court finds the allegations in Plaintiff's Amended Complaint are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendants Nurse and Dr. Wurster. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges Defendants Nurse and Dr. Wurster knew about his serious mental health issues. Plaintiff alleges being placed with a cellmate worsened his serious mental health issues and caused him to engage in self-harm. Despite this knowledge, Defendants Nurse and Dr. Wurster allegedly altered his mental healthcare treatment and rescinded his single cell only status. Defendant Dr. Wurster also allegedly continued to sign off on recommending that Plaintiff be double celled when security staff raised concerns about double celling Plaintiff.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to File Amended Complaint [34] is GRANTED, and the Amended Complaint is now the operative pleading in this case. The Clerk is directed to file the Amended Complaint (Doc. 34-1).

2) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with (1) an Eighth Amendment failure to protect claim against Defendants Mindi Nurse, Dr. Samantha Wurster, Ian Doolin, and Anthony Boguszewski and (2) an Eighth Amendment deliberate indifference claim against Defendants Nurse and Dr. Wurster. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) Defendants have returned executed Waivers of Service of Summons. No waivers need to be issued.

4) Defendants are directed to file an answer to Plaintiff's Amended Complaint within 21 days of this Order.

5) After Defendants have filed their answers, the Court will enter a Scheduling Order.

ENTERED January 7, 2026.

s/ *Sue E. Myerscough*

---
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE